UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| GARRY SEITZ CARNEY,<br><br>    Plaintiff,<br><br>vs.<br><br>MERIDIAN POLICE OFFICER TONY FORD (#3081), MERIDIAN POLICE OFFICER KEVIN KINNAMAN, MERIDIAN POLICE SGT. MARK FORD (#3124), MAGISTRATE DANIEL STECKEL, MAGISTRATE THOMAS WATKINS, BOISE CITY ATTORNEY ROBERT B. LUCE, DEPUTY CITY ATTORNEY ADAM DINGELDEIN, ASSISTANT CITY ATTORNEY KEVIN S. BORGER, ASSISTANT CITY ATTORNEY VALERIE H. GRAGG,<br><br>    Defendants. | Case No.: 1:15-cv-00167-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**DEFENDANT HON. STECKEL'S MOTION TO DISMISS**<br>**(Docket No. 7)**<br><br>**DEFENDANT ADAM DINGELDEIN'S MOTION TO DISMISS**<br>**(Docket No. 10)**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT HON. STECKEL'S REPLY MEMORANDUM**<br>**(Docket No. 16)** |

    Now pending before the Court are the following Motions: (1) Defendant Hon. Steckel's Motion to Dismiss (Docket No. 7), (2) Defendant Adam Dingeldein's Motion to Dismiss (Docket No. 10), and (3) Plaintiff's Motion to Strike Defendant Hon. Steckel's Reply Memorandum (Docket No. 16). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the undersigned enters the following Report and Recommendation (as to Docket Nos. 7 and 10) and Memorandum Decision and Order (as to Docket No. 16):

## I. BACKGROUND

    This action arises out of an October 25, 2014 traffic stop. Plaintiff was pulled over for speeding and, ultimately, cited for four misdemeanor offenses: one count of misdemeanor

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 1**

driving under the influence under Idaho Code § 18-8004(1)(a); two counts of misdemeanor injury to a child under Idaho Code § 18-1501(3); and one count of carrying a concealed weapon without a license in a vehicle within city limits under Idaho Code § 18-3302(9) (the "State Charges").  On May 19, 2015, a jury in Ada County Magistrate Court found Plaintiff guilty on all counts.

Plaintiff clarified during oral argument that his Complaint alleges that the conduct of certain Defendants during the traffic stop itself, and the actions of certain other Defendants in the prosecution of the State Charges, violated his Constitutional rights.  To this end, Plaintiff generally alleges:

> The Complainant comes in his natural person and complains that the Defendants deprived Complainant of his rights enumerated in The Constitution of The United States under color of State Law, custom or usage, and/or conspired to deprive and/or failed, neglected or refused to protect Complainant from said conspiracy or deprivation, although it was within their power to do so.
>
> The Defendants have aided, abetted and conspired together to deprive the Complainant of his rights, liberties and happiness.  They have used their respective titled, color of law via Idaho codes, coercion, threats, lies and intimidation to harass, damage and inflict ongoing cruel and unusual punishment on the complainant.  They have used Idaho codes, coercion, threats, lies and intimidation in attempts to make the Complainant relinquish his rights, especially those enumerated in The Constitution of the United States.  Defendants are using onerous and undisclosed contracts, a secret jurisdiction and titles of nobility to declare ownership over the Complainant and compel the Complainant into peonage, forced servitude and to declare him a second class citizen.
>
> The Defendants Violated their Oaths of office, acted willfully, wantonly, unlawfully, negligently, maliciously and intentionally against Complainant for exercising his rights, especially those enumerated in The Constitution of The United States.  They have trespassed upon the Complainant, and they have acted outside of the bounds of their Lawful Duties.

Compl., p. 2 (Docket No. 1).

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 2**

The docket of this case contains a hodge-podge of various summonses, appearances, and motions.  Two such motions represent efforts to dismiss two separately-named Defendants – (1) Ada County Magistrate Daniel Steckel ("Steckel"), and (2) Adam Dingeldein ("Dingeldein"), a prosecutor with the Boise City Attorney's Office.  *See* Steckel & Dingeldein MTDs (Docket Nos. 7 & 10).¹  Steckel was the presiding magistrate judge on Plaintiff's case involving the State Charges; Dingeldein was the prosecutor.  Through their respective Motions to Dismiss, both Steckel and Dingeldein argue that this action should be dismissed against them because they are immune from suit (via judicial and prosecutorial immunities, respectively).  *See* Mem. in Supp. of Steckel MTD, pp. 3-5 (Docket No. 7, Att. 1); Mem. in Supp. of Dingeldein MTD, pp. 2-4 (Docket No. 10, Att. 2).

## II.  REPORT/DISCUSSION

**A.     Motions to Dismiss: Legal Standard**

A motion to dismiss made pursuant to FRCP 12(b)(6) tests the sufficiency of a party's claim for relief.  *See* Fed. R. Civ. P. 12(b)(6) (party may move to dismiss complaint for "failure to state a claim upon which relief can be granted.").  When considering a motion to dismiss, the Court's inquiry is whether the allegations in the pleading are sufficient under applicable pleading standards.  FRCP 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

---

¹ A third motion – Plaintiff's corresponding Motion to Strike Defendant Steckel's Reply Memorandum (Docket No. 16) – naturally relates to Def. Steckel's Motion to Dismiss. Recently, two more motions to dismiss were filed by separate Defendants – Ada County Magistrate Thomas Watkins and certain Meridian police officers.  *See* Mots. to Dismiss (Docket Nos. 26 & 28).  These latest motions were not heard during the December 14, 2015 hearing and are not explicitly the subject of this Report and Recommendation and Memorandum Decision and Order.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 3**

complaint is plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This standard does not require that the misconduct be "probable," but it "asks for more than just a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Supreme court specified that "heightened fact pleading of specifics" is not required, "but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 662.

When considering a motion to dismiss pursuant to FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, courts do not necessarily assume the truth of legal conclusions merely because they are cased in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Consequently, courts should not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 4**

to relief." *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) (quoting *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990)).  A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief.  *See United States v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963).

"[D]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). The Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  Additionally, when evaluating a 12(b)(6) motion, judicial review is "limited to the contents of the complaint." *Clegg*, 18 F.3d at 754.  However, exhibits attached to the complaint also may be considered. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

**B.    Judicial and Prosecutorial Immunities**

    1.    Judicial Immunity

Under the long-established doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions.  *See Stump v. Sparkman*, 435 U.S. 349 (1978).  To decide, a court looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id*. at 362.

If the judge was acting in a judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 5**

to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges . . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d at 1078). The touchstone of the doctrine is that absolute immunity "is justified and defined *by the functions it protects and serves*, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988) (emphasis added).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity to perform an act that is not "judicial" in nature. *See Sparkman*, 435 U.S. at 360. For example, a judge's use of physical force to evict a person from the courtroom is a non-judicial act not covered by absolute immunity. *See Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Sparkman*, 435 U.S. at 356 (internal citations omitted). Significantly, however, when immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly . . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id*.

    2.    <u>Prosecutorial Immunity</u>

Like absolute judicial immunity, it is also well settled that officials serving a prosecutorial function are entitled to absolute immunity for acts the official performs while "serving as an advocate in judicial proceedings." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997); *see also Lanuza v. Love*, 2015 WL 5781518, *4 (W.D. Wash. 2015) ("The Ninth Circuit has held

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 6**

that absolute immunity applies when a prosecutor is organizing, evaluating, and marshaling evidence in preparation for a pending trial.") (citing *Genzler v. Longanbach*, 410 F.3d 630, 639 (9th Cir. 2005)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012) ("Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out.").

"When a prosecutor steps outside of the advocate's role, however, his or her conduct is protected by immunity only to the extent that any other individual would be protected in performing the same function." *Cruz v. Kauai Cnty.*, 279 F.3d 1064, 1067 (9th Cir. 2002). For example, prosecutors are not entitled to absolute immunity for performing investigative functions or when personally serving as witness by attesting to facts. *See Kalina*, 522 U.S. at 507-10; *see also Torres v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015). Ultimately, "the absolute immunity that protects the prosecutor's role as an advocate is not grounded in any special 'esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" *Kalina*, 522 U.S. at 127 (quoting *Malley v. Briggs*, 475 U.S. 335, 342 (1986)); *see also Slater v. Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012).

C.  **Defendant Steckel and Absolute Judicial Immunity**

An examination of Plaintiff's claims against Steckel begins with the allegations contained within his Complaint, where Plaintiff asserts the following as against Steckel:

- The defendants Dingeldein, Luce, Gragg and Steckel have refused to disclose the contract, or contracts that may obligate me to them and/or The State of

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 7**

        Idaho. They continue to refuse to disclose any proof that I have duties and obligations to them and/or The State of Idaho. These defendants have declared ownership and jurisdiction over me.

- I have directly asked Daniel Steckel to uphold his "Official Oath of Office" and protect my rights, especially those enumerated in The Constitution of the United States. Steckel has gone as far as referring to my demands for due process, warrants, indictment and proof of claim as "gobbledygook." He has outright denied my right to be informed of the nature and cause of the actions against me. Steckel has also denied my right to demurrer and acted as my attorney by fraudulently entering a plea on my behalf over my objections, in order to "move this case forward."

- Defendants Dingeldein and Steckel have said on the record that they glean their authority and jurisdiction from the Constitution of The United States, but have refused to establish it on the record.

- I have repeatedly demanded that the nature of the action against me, and the nature/jurisdiction of the court be disclosed and that any binding contracts that I am a party to be entered into the record so that I may examine them for their validity, what duties that I may have under them, what benefits I am entitled to under them and how I am expected to perform under those contracts. Defendants have denied me my right to a meaningful defense by using a peonage and involuntary servitude to them and/or The State of Idaho.

- Defendants have denied my natural rights as a man. Steckel has actually declared that I am not a man, but merely an individual with limited rights, thereby denying my freeborn rights and making me a second class citizen.

- Defendants have all denied me any recourse under Common Law and are seemingly using undisclosed Contract, Equity, Admiralty and/or Maritime law and jurisdiction as their forum against me without doing their duty under the 6th Amend[ment] to disclose the nature and cause of the accusation against me.

- Defendants have acted in concert to deny me of my right to due process, my right to be secure in my person, property and papers against unreasonable search and seizure; my right to keep and bear arms, my right to indictment for "criminal" charges and my right to be made aware of the nature and cause of the accusations against me. They have acted in concert to punish me for exercising my rights, especially those enumerated in the Constitution of the United States.

Compl., pp. 5-6 (Docket No. 1).

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 8**

Plaintiff's statements during oral argument made clear to the undersigned that Plaintiff's "claims" against Steckel relate inescapably to Steckel's position as a Ada County magistrate judge, and, more specifically, as the magistrate judge who presided over Plaintiff's state court action arising out of the above-referenced October 25, 2014 traffic stop. Steckel's only possible connection to this case stems from his position as the state magistrate judge who presided over the case containing the State Charges. There is simply no indication or any sensible basis to argue that any of Steckel's complained-of actions were performed in anything *other than* his judicial capacity. This reality squarely implicates absolute judicial immunity. To be sure, Steckel's conduct in (1) presiding over hearings on motions relating to Plaintiff's misdemeanor citations, (2) ruling on the issues presented within those same motions, and (3) presiding over the resultant trial and sentencing, are unequivocally judicial functions. That Plaintiff disagrees with the manner in which such judicial functions were performed – even if such criticisms have any legitimacy (which is not decided here) – is not enough. *See Sparkman*, 435 U.S. at 359 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

Moreover, nothing suggests that Steckel's actions were made outside of his proper jurisdiction. Idaho statute, drawing upon state constitutional authority, establishes a "magistrate division" of the district court in each county in Idaho. *See* I.C. § 1-2201 ("Pursuant to the provisions of section 2 of article V of the Idaho Constitution there is hereby established in each county of the state of Idaho a magistrate division of the district court."). Magistrates hear citable offenses occurring in Idaho. *See* Misd. Crim. Rule 4(b) ("Primary jurisdiction and venue. All citable offenses shall be heard, processed and determined by a magistrate judge in the county in which such violation is alleged to have occurred . . . ."); *see also* I.C. § 1-2208(3)(a) (permitting

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 9**

assignment of criminal and quasi-criminal proceedings to magistrates).  Plaintiff's State Charges were four citable misdemeanor offenses arising from a traffic stop in Ada County, Idaho; Steckel is an Ada County magistrate judge; therefore, Plaintiff's case was properly heard and decided by Steckel, who clearly had jurisdiction over the matter pursuant to Idaho state law.  *See* Mem. in Supp. of Mot. to Dismiss, p. 4 (Docket No. 7, Att. 1).

Accordingly, notwithstanding the "natural rights as a man" arguments which Plaintiff raised against the State Charges and continues to try to gird his Complaint here, Steckel is absolutely immune from Plaintiff's claims. The undersigned concludes that Plaintiff is reprising his argument in the state court case that the state court officials had no right to prosecute him at all. Regardless of whether Plaintiff contends that there was some missing link in the very fact of the attempt to prosecute him in state court, it is inescapable that there must be a judicial forum and a judicial officer to consider Plaintiff's arguments at all – they do not arise in the ether, and neither can they be adjudicated in the ether.  Someone has to decide upon that, and Steckel did so.

Plaintiff's claims against Steckel should, accordingly, be dismissed.  Further, because no amendment to Plaintiff's Complaint could justify a claim against Steckel individually, said dismissal should be made without leave to amend.[2]

---

[2] Plaintiff's related Motion to Strike Defendant Steckel's Reply Memorandum is premised upon the fact that he was never properly served with that briefing.  *See* Mot. to Strike, p. 2 (Docket No. 16) ("It was past the due date for reply, and it was clearly sent to a different plaintiff, thereby it has never been served to me.").  Although it appears as though Steckel sent his reply memorandum to an incorrect address, Plaintiff nonetheless responded to it within the body of the Motion to Strike (even assuming the procedural rules permit such a sur reply).  Regardless, the undersigned's consideration of Steckel's Motion to Dismiss is not dependent upon his reply memorandum, thus mooting Plaintiff's Motion to Strike.  Therefore, Plaintiff's Motion to Strike Defendant Steckel's Reply Memorandum is hereby denied.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 10**

**D.     Defendant Dingeldein and Absolute Prosecutorial Immunity**

As with Steckel, examining the nature of Plaintiff's claims against Dingeldein starts with the allegations raised in the Complaint. Therein, Plaintiff makes the following, sometimes overlapping, claims against Dingeldein:

- I have made good faith attempts at resolving this, and have made offers to waive my right to seek this very redress in federal court if the defendants would cease their conspiracy against me. The defendants have rebuffed my offer and have shown blatant disregard for my rights, liberties and happiness. Adam Dingeldein, in reply to my offer has gone as far as saying that by exercising my rights, I have "made this case difficult for the", and that they "would not reward that kind of behavior" by dismissing the charges. I told him that as a man who was obligated to support The Constitution of the United States, he should respect my rights and not punish me for exercising them. He looked at me with his, seemingly usual, blank stare and said that "The State is ready to continue".

- The defendants Dingeldein, Luce, Gragg and Steckel have refused to disclose the contract, or contracts that may obligate me to them and/or The State of Idaho. They continue to refuse to disclose any proof that I have duties and obligations to them and/or The State of Idaho. These defendants have declared ownership and jurisdiction over me.

- Defendants Dingeldein and Steckel have said on the record that they glean their authority and jurisdiction from the Constitution of The United States, but have refused to establish it on the record.

- I have repeatedly demanded that the nature of the action against me, and the nature/jurisdiction of the court be disclosed and that any binding contracts that I am a party to be entered into the record so that I may examine them for their validity, what duties that I may have under them, what benefits I am entitled to under them and how I am expected to perform under those contracts. Defendants have denied me my right to a meaningful defense by using a peonage and involuntary servitude to them and/or The State of Idaho.

- Defendants have denied my natural rights as a man.

- Defendants have all denied me any recourse under Common Law and are seemingly using undisclosed Contract, Equity, Admiralty and/or Maritime law and jurisdiction as their forum against me without doing their duty under

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 11**

       the 6th Amend[ment] to disclose the nature and cause of the accusation against me.

- Defendants have acted in concert to deny me of my right to due process, my right to be secure in my person, property and papers against unreasonable search and seizure; my right to keep and bear arms, my right to indictment for "criminal" charges and my right to be made aware of the nature and cause of the accusations against me. They have acted in concert to punish me for exercising my rights, especially those enumerated in the Constitution of the United States.

Compl., pp. 5-6 (Docket No. 1).

Again, as elicited during oral argument, Plaintiff's "claims" against Dingeldein speak to Dingeldein's actions as a prosecutor with the Boise City Attorney's Office, vis à vis the State Charges adjudicated in the underlying state court action. Absolute prosecutorial immunity therefore applies to preclude Plaintiff's claims against him. To be clear, this is not because Dingledein carried the title of a prosecuting attorney; rather, it is because the complained-of conduct represents actions taken in a prosecutorial role, integral to "the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Accordingly, based upon the law and facts as presented in Plaintiff's Complaint, Dingeldein is entitled to absolute prosecutorial immunity and the claims against him should be dismissed. Further, because no amendment to Plaintiff's Complaint could justify a claim against Dingeldein individually, said dismissal should take place without leave to amend.

### III. RECOMMENDATION/ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Hon. Steckel's Motion to Dismiss (Docket No. 7) be GRANTED; and

2. Defendant Adam Dingeldein's Motion to Dismiss (Docket No. 10) be GRANTED.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 12**

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Strike Defendant Hon. Steckel's Reply Memorandum (Docket No. 16) is DENIED.

DATED:  **December 23, 2015**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER - 13**