UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRY SEITZ CARNEY,<br><br>        Plaintiff,<br><br>v.<br><br>MERIDIAN POLICE OFFICER TONY FORD (#3081), et al.,<br><br>        Defendants. | Case No. 1:15-CV-00167-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On December 23, 2015, United States Chief Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending the Defendants' Motions to Dismiss be granted. (Dkt. 34.)[1] Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district

---

[1] This Order and Report relate only to the Motions to Dismiss filed by the Honorable Daniel Steckel and Adam Dingeldein. (Dkt. 7, 10, 34.) Other Defendants have filed Motions to Dismiss which will be addressed in due course. (Dkt. 26, 28, 36, 39, 40, 42.)

ORDER- 1

court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiff filed written objections to the Report. (Dkt. 41.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ.

**ORDER- 2**

P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the Report as well as the entire record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiff has objected and finds as follows.

## DISCUSSION

A complete procedural and factual background of this case is set forth in the Report and this Court incorporates the same in this Order. (Dkt. 34.) In general, Plaintiff's Complaint alleges the Defendants violated his constitutional rights by their respective actions taken during a October 25, 2014 traffic stop and resulting prosecution of the Plaintiff. (Dkt. 1.) The Report concluded that the Motions to Dismiss as to Defendants the Honorable Daniel Steckel and Adam Dingeldein should be granted as both are entitled to absolute immunity. (Dkt. 34.) Plaintiff objects raising several arguments disputing the Report's characterizations, findings, and conclusions. (Dkt. 41.)

This Court has reviewed the original briefing of the parties, the Report, Plaintiff's objections, as well as the entire record herein. This review was undertaken with the Court being mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are

ORDER- 3

construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). Applying these principles here, this Court is in agreement with the reasoning and conclusions of the Report and will adopt the same in its entirety.

The Plaintiff's constitutional claims in this case are subject to the defenses of absolute and qualified immunity where, as here, the Defendants actions were taken in the performance of their judicial and/or prosecutorial functions. The Report correctly articulates the law applicable to the immunity defenses. This Court agrees with the Report's analysis and reasoning concluding that both Defendants Steckel and Dingeldein were performing their judicial and prosecutorial functions such that they are entitled to absolute immunity in this case. (Dkt. 34.) The Court has considered the Plaintiff's objections and finds they raise arguments already considered and properly addressed by the Magistrate Judge in the Report. (Dkt. 41.) Namely, the Plaintiff's jurisdictional challenges. (Dkt. 1, 13, 14, 41.) This Court also agrees with and adopts the Report's recommendation to deny leave to amend as doing so would be futile. *See Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) ("futility of amendment alone can justify the denial of a motion" to amend.). Based on

**ORDER- 4**

the foregoing and for the reasons stated in the Report, the Court will grant the Motions to Dismiss as to Defendants Steckel and Dingeldein.

### ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on December 23, 2015 (Dkt. 34) is **ADOPTED** and the Defendants' Motions to Dismiss (Dkt. 7, 10) are **GRANTED**. The claims against Defendant Honorable Daniel Steckel and Defendant Adam Dingeldein are **HEREBY DISMISSED**.

DATED: **February 19, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER- 5**