UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| GARRY SEITZ CARNEY,<br><br>　Plaintiff,<br><br>vs.<br><br>MERIDIAN POLICE OFFICER TONY FORD (#3081), MERIDIAN POLICE OFFICER KEVIN KINNAMAN, MERIDIAN POLICE SGT. MARK FORD (#3124), MAGISTRATE DANIEL STECKEL, MAGISTRATE THOMAS WATKINS, BOISE CITY ATTORNEY ROBERT B. LUCE, DEPUTY CITY ATTORNEY ADAM DINGELDEIN, ASSISTANT CITY ATTORNEY KEVIN S. BORGER, ASSISTANT CITY ATTORNEY VALERIE H. GRAGG,<br><br>　Defendants. | Case No.: 1:15-cv-00167-EJL-REB<br><br>REPORT AND RECOMMENDATION RE:<br><br>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO IDAHO CODE § 6-610<br>(Docket No. 28)<br><br>MOTION TO DISMISS PURSUANT TO IRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO IRCP 12(e)<br>(Docket No. 36)<br><br>PLAINTIFF'S MOTION TO DISMISS DEFENDANT THOMAS WATKINS<br>(Docket No. 39)<br><br>PLAINTIFF'S MOTION TO DISMISS DEFENDANTS KEVIN KINNAMAN AND MARK FORD<br>(Docket No. 40)<br><br>PLAINTIFF'S MOTION TO DISMISS DEFENDANTS KEVIN BORGER, VALERIE GRAGG, AND ROBERT LUCE<br>(Docket No. 42)<br><br>MERIDIAN CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(Docket No. 46) |

REPORT AND RECOMMENDATION - 1

Now pending before the Court are the following Motions: (1) Defendants' Motion to Dismiss Plaintiff's State Law Claims Pursuant to Idaho Code § 6-610 (Docket No. 28); (2) Motion to Dismiss Pursuant to IRCP 12(b)(6) or in the Alternative Motion for More Definite Statement Pursuant to IRCP 12(e) (Docket No. 36);[1] (3) Plaintiff's Motion to Dismiss Defendant Thomas Watkins (Docket No. 39); (4) Plaintiff's Motion to Dismiss Defendants Kevin Kinnaman and Mark Ford (Docket No. 40); (5) Plaintiff's Motion to Dismiss Defendants Kevin Borger, Valerie Gragg, and Robert Luce (Docket No. 42); and (6) Meridian City Defendants' Motion for Summary Judgment (Docket No. 46). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation:

## I.  BACKGROUND

This action arises out of an October 25, 2014 traffic stop. Plaintiff was pulled over for speeding and, ultimately, cited for four misdemeanor offenses: one count of misdemeanor driving under the influence under Idaho Code § 18-8004(1)(a); two counts of misdemeanor injury to a child under Idaho Code § 18-1501(3); and one count of carrying a concealed weapon without a license in a vehicle within city limits under Idaho Code § 18-3302(9). On May 19, 2015, a jury in Ada County Magistrate Court found Plaintiff guilty on all counts.

In this civil lawsuit, Plaintiff appears to claim that the conduct of certain Defendants during the traffic stop itself, followed by certain involvement of other Defendants in the prosecution of the above-cited misdemeanor offenses, violated his Constitutional rights. To this end, Plaintiff generally alleges:

---

[1] It is presumed that moving Defendants intended to cite to the Federal Rules of Civil Procedure instead of the Idaho Rules of Civil Procedure.

**REPORT AND RECOMMENDATION - 2**

> The Complainant comes in his natural person and complains that the Defendants deprived Complainant of his rights enumerated in The Constitution of The United States under color of State Law, custom or usage, and/or conspired to deprive and/or failed, neglected or refused to protect Complainant from said conspiracy or deprivation, although it was within their power to do so.
>
> The Defendants have aided, abetted and conspired together to deprive the Complainant of his rights, liberties and happiness. They have used their respective titled, color of law via Idaho codes, coercion, threats, lies and intimidation to harass, damage and inflict ongoing cruel and unusual punishment on the complainant. They have used Idaho codes, coercion, threats, lies and intimidation in attempts to make the Complainant relinquish his rights, especially those enumerated in The Constitution of the United States. Defendants are using onerous and undisclosed contracts, a secret jurisdiction and titles of nobility to declare ownership over the Complainant and compel the Complainant into peonage, forced servitude and to declare him a second class citizen.
>
> The Defendants Violated their Oaths of office, acted willfully, wantonly, unlawfully, negligently, maliciously and intentionally against Complainant for exercising his rights, especially those enumerated in The Constitution of The United States. They have trespassed upon the Complainant, and they have acted outside of the bounds of their Lawful Duties.

Compl., p. 2 (Docket No. 1).

To date, the docket contains numerous summonses, appearances, and motions. On December 23, 2015, the undersigned recommended that two such motions– Defendant Hon. Steckel's Motion to Dismiss (Docket No. 7) and Defendant Adam Dingeldein's Motion to Dismiss (Docket No. 10)[2] – be granted. *See* Rpt. and Recomm. (Docket No. 34). On February 19, 2016, U.S. District Judge Edward J. Lodge adopted these recommendations and formally granted both motions to dismiss. *See* Order on Rpt. and Recomm. (Docket No. 45). Several similar motions are now before this Court and are taken up here in this latest Report and Recommendation. These motions likewise request the dismissal of the remaining Defendants –

---

[2] Judge Steckel was the presiding magistrate judge on Plaintiff's state court case; Mr. Dingeldein was the prosecutor.

**REPORT AND RECOMMENDATION - 3**

Tony Ford, Kevin Kinnaman, Mark Ford, Robert B. Luce, Kevin S. Borger, and Valerie Gragg.[3] For the reasons stated below, each of these remaining Defendants should be dismissed from this action.

## II. REPORT

At the outset, the Court must sort through the volley of motions to fully understand which Defendants actually remain in the case and, in turn, which of the pending motions actually speak to these same Defendants. For example:

- Although Defendants Tony Ford, Kinnaman, and Mark Ford have moved to dismiss Plaintiff's Complaint (Docket No. 28) (and also moved for summary judgment (Docket No. 46)), Plaintiff himself moves to dismiss Kinnaman and Mark Ford. *See* Pl.'s Mot. to Dismiss Defs. Kinnaman and Mark Ford (Docket No. 40) ("After consideration, and further study of law, I wish to dismiss Defendants Kevin Kinnaman and Mark Ford from my complaint."). For efficiency reasons and overall case management, it is therefore recommended that Plaintiff's Motion to Dismiss Defendants Kinnaman and Mark Ford (Docket No. 40) be granted, leaving Tony Ford and his Motion to Dismiss (Docket No. 28) and Motion for Summary Judgment (Docket No. 46) pending as to Plaintiff's claims against him.

- Although Defendants Borger and Gragg have moved to dismiss Plaintiff's Complaint (Docket No. 36), Plaintiff himself moves to dismiss each of them (along with Defendant Luce). *See* Pl.'s Mot. to Dismiss Defs. Borger, Gragg, and Luce (Docket No. 42) (". . . I believe it is appropriate to dismiss the above defendants from my complaint. I believe that their actions were wrong, but I don't think that their action may rise to the level of inflicting direct injury to me in their individual capacities. I wish to dismiss my complaint regarding these defendants. If given the opportunity, I intend to amend my complaint to reflect the corrected defendants."). For efficiency

---

[3] Plaintiff alleges that (1) Tony Ford and Kinnaman are the Meridian Police Officers involved in Plaintiff's October 25, 2014 traffic stop; (2) Mark Ford is a sergeant and supervisor with the City of Meridian Police Department and also participated in traffic stop; (3) Luce is the Boise City Attorney and "direct superior" to Dingeldein and Gragg; and (4) Borger and Gragg are prosecutors with the Boise City Attorney's Office, assigned to prosecute the state action against Plaintiff (the City of Boise has a contract to prosecute misdemeanor cases for the City of Meridian).

**REPORT AND RECOMMENDATION - 4**

        reasons and overall case management, it is therefore recommended that (1) Plaintiff's Motion to Dismiss Defendants Borger, Gragg, and Luce (Docket No. 42) be granted, and (2) Defendants Borger and Gragg's Motoin to Dismiss (Docket No. 36) be denied as moot.

- Plaintiff moves to dismiss Defendant Hon. Thomas Watkins (Docket No. 39), but Judge Lodge has since dismissed Watkins. *See* Order (Docket No. 48) (granting Watkins's unopposed Motion to Dismiss). Therefore, Plaintiff's Motion to Dismiss Defendant Thomas Watkins (Docket No. 39) is denied as moot.

Once unraveled, Defendant Tony Ford is the only remaining Defendant in this action. Accordingly, only Defendant Tony Ford's Motion to Dismiss (Docket No. 28) and Motion for Summary Judgment (Docket No. 46) remain ripe for resolution here. The Court considers each Motion below.

**A.     Defendant Tony Ford's Motion to Dismiss (Docket No. 28)**

Before any civil action is instituted against a law enforcement officer, Idaho Code section 6-610(2) contemplates the filing of a "written undertaking" with the court. *See* I.C. § 6-610(2) ("Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty . . ., the proposed plaintiff . . ., as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court."); *see also* I.C. § 6-610(5) ("When the defendant . . . excepts to the plaintiff's . . . failure to post a bond under this section, the judge shall dismiss the case."). Here, Defendant Tony Ford argues that Plaintiff's state law claims asserted against him must be dismissed because Plaintiff failed to file the requisite bond pursuant to Idaho Code section 6-610. *See generally* Defs.' Mot. to Dismiss (Docket No. 28).

**REPORT AND RECOMMENDATION - 5**

Preliminarily, it is unclear whether Plaintiff is, in fact, asserting state claims to which Idaho Code section 6-610 might apply. On the one hand, Defendant Tony Ford argues that Plaintiff's Complaint "specifically includes state tort claims of trespass, negligence, as well as a reference to a contract claim." *Id*. at p. 3. Yet, in response to the Motion to Dismiss, Plaintiff seems to be arguing (though it is decidedly unclear) that he is pursuing only constitutional claims against Defendant Tony Ford, not individual state law claims:

> Defendant Tony Ford did engage in conduct that exhibited serious indifference to, and disregard for my rights.
>
> Defendant Tony Ford's actions caused a loss of my rights, especially those considered as "constitutional rights," and he can be required to pay money for the loss.
>
> I am not filing a claim against the State of Idaho or any government entity. My claim is strictly against all defendants in their individual capacity while acting outside of the lawful duties of their employment. My claim is not barred by sovereign immunity, or any provisions of the Idaho Tort Claims Act.
>
> I am not seeking any remedy regarding state court action. I am not "attempting to attack [my] conviction in state court." I am seeking relief for injuries, therefore my Complaint is not subject to dismissal.
>
> Simple denials of the facts and injuries will be my burden to prove to the fact finding jury.

Pl.'s Opp. to Defs.' Mot. to Dismiss, p. 2 (Docket No. 40). However, even when assuming that Plaintiff *is* pursuing state law claims, his failure to file a written undertaking does not warrant dismissal at this time.

Despite what appears to be a statutory mandate for dismissal, this District has permitted delinquent bond postings. *See, e.g.*, *Ramirez v. City of Ponderay*, 2008 WL 907382 (D. Idaho 2008) (requiring plaintiff to obtain requisite statutory securities within 20 days of order denying

**REPORT AND RECOMMENDATION - 6**

defendant's motion to dismiss); *Walker v. City of Post Falls*, 2007 WL 2609889 (D. Idaho 2007) (same). The opposite is true too. *See, e.g.*, *Ayala v. U.S.*, 2010 WL 299153 (D. Idaho 2010) (dismissing plaintiffs' state law claims as to defendant law enforcement officers for failure to file bond). With all this in mind, there is sensible concern about the implications that may befall an unknowing plaintiff who fails to secure a bond before instituting a state action against a law enforcement officer – in essence, ending a claim before it even begins. Without now resolving these potential constitutional issues, the legislative purpose in enacting Idaho Code section 6-610's is still met when courts later order that a sum certain be posted to satisfy the statute's security precondition. In other words, a delayed bond will still provide the protection envisioned when Idaho Code section 6-610 was enacted.

Typically, under the circumstances presented here, the Court would formally set a bond amount to be filed by a date certain in the future. However, because separate reasons exist to dismiss Plaintiff's claims against Defendant Tony Ford (*see supra*, discussing Defendant Tony Ford's Motion for Summary Judgment), it is hereby recommended that Defendant Tony Ford's Motion to Dismiss on this ground be denied as moot.

**B.     Defendant Tony Ford's Motion for Summary Judgment (Docket No. 46)**

      1.     <u>Legal Standard</u>

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is

**REPORT AND RECOMMENDATION - 7**

instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to a *material* fact – a fact "that may affect the outcome of the case." *Id*. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *See id*. at 255. Direct testimony of the non-movant must be believed, however implausible. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *See McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). To carry this burden, the moving party need not introduce any affirmative evidence, but may simply point out the absence of evidence to support the nonmoving party's case. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). This then shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *See Devereaux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324.

    2.    <u>There is No Genuine Issue of Fact Supporting a Claim Against Defendant Tony Ford</u>

In support of his Motion, Defendant Tony Ford contends that on October 25, 2014, Plaintiff was arrested because he was driving 64 mph in a posted 40 mph zone and when pulled

**REPORT AND RECOMMENDATION - 8**

over, was argumentative and uncooperative, refusing to provide his driver's license, proof of insurance, and registration upon request. Further, Plaintiff's eyes were glassy and bloodshot, his speech was slow, and there was an odor of an alcoholic beverage coming from the vehicle; and Plaintiff initially refused to exit his vehicle when requested. *See* Mem. in Supp. of Defs.' MSJ, pp. 4-5 (Docket No. 46, Att. 2). Ultimately, Plaintiff was arrested and later found guilty of driving under the influence, injury to child, a second injury to child, and carrying a concealed weapon without a license while in a vehicle inside city limits. *See id*. at p. 5.

Now, Defendant Tony Ford argues that (1) any claims regarding the legal propriety of Plaintiff's conviction is barred by *Heck v. Humphrey*; (2) he is entitled to qualified immunity regardless; and (3) Plaintiff's state claims are barred under the Idaho Tort Claims Act. *See id*. at pp. 5-10. Plaintiff has not filed any opposition to these arguments.[4] *See* Defs.' Notice of Non-Compliance and Request for Entry of J. (Docket No. 49) (notifying Court that Plaintiff has not responded to Defendant Tony Ford's Motion for Summary Judgment). The Court considers each argument below.

---

[4] Idaho Local Civil Rule 7.1(e)(2) reads:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b0(1) or (c)(2), the Court nonetheless may consider the uncontested material facts as undisputed for purposes of consideration of he motion, and the Court may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the moving party is entitled to the granting of the motion.

Dist. Idaho. Loc. Civ. R. 7.1(e)(2).

**REPORT AND RECOMMENDATION - 9**

      a.      *Heck v. Humphrey*

In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages related to bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original, internal citations omitted). A judgment questioning Plaintiff's arrest and later conviction necessarily implicates *Heck* because one fulcrum of Plaintiffs' claims here is an allegation of an unconstitutional conviction. Yet, Plaintiff's state conviction has not been reversed, expunged, or declared invalid. Hence, to the extent Plaintiff seeks to somehow invalidate his conviction via the instant action (whether expressly or by implication), *Heck* applies to bar such a claim. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [Plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Such a claim should be dismissed without prejudice, until such time that his state conviction has been reversed, expunged, or declared invalid by a state tribunal.

      b.      *Qualified Immunity*

In *Heck*, the Supreme Court expressly held that, where a plaintiff's action, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck* 512 U.S. at 486 (emphasis in original, footnotes omitted). Thus, to the extent Plaintiff's claims exist independent of the validity of his arrest and/or conviction, *Heck* does not preclude them (whatever they might specifically be). Regardless, even when assuming this to be the case,

**REPORT AND RECOMMENDATION - 10**

Defendant Tony Ford alternatively argues that he is entitled to qualified immunity – effectively barring possible non-*Heck*-implicated claims.

Even if a plaintiff is able to show a violation of a constitutional right under § 1983, a defendant may still be entitled to summary judgment on the basis of qualified immunity. Qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an individual's clearly-established federal rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Conversely, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights. *See id*. In short, qualified immunity operates to ensure that a government official is on notice that his conduct is unlawful, before he is subject to suit. *Pearson v. Callahan*, 555 U.S. 223, 244 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). And, true to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation omitted).

A qualified immunity analysis consists of two prongs: (1) whether the facts alleged by the plaintiff establish a violation of a constitutional right, and (2) whether that right was clearly established given the state of the law at the time of the alleged misconduct. *See Pearson*, 555 U.S. at 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236.

As to the first prong, the court considers whether, "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the [defendant's] conduct violated a

**REPORT AND RECOMMENDATION - 11**

constitutional right[.]" *Saucier*, 533 U.S. at 201. As to the second prong, the inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. For the law to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand" that his conduct violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is not necessary that the "very action in question has previously been held unlawful," but "in the light of pre-existing law the unlawfulness must be apparent" to the official. *Id*. "The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). "This exacting standard 'gives government officials breathing room to make reasonable but mistaken judgments.'" *City and Cnty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 1765, 2085 (2011)).

Application of qualified immunity is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful." *Id*. However, if there is a genuine dispute as to the "facts and circumstances within an officer's knowledge," or "what the officer and claimant did or failed to do," summary judgment is inappropriate. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993). When a § 1983 defendant makes a properly supported motion for summary judgment based on qualified immunity, the plaintiff has the obligation to produce evidence of his own; the district court cannot simply assume the truth of the challenged factual allegations in the complaint. *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004)). That being said, the court must view the evidence in the light

**REPORT AND RECOMMENDATION - 12**

most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.  *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

### I.   *Traffic Stop*

"A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment."  *Heien v. North Carolina*, 135 S. Ct. 530, 535-36 (2014) (citing *Brendlin v. California*, 551 U.S. 249, 255-59 (2007)).  To justify this type of seizure, officers need "reasonable suspicion."  *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014).  Put another way, the officer must possess a "particularized and objective basis for suspecting the particular person stopped of criminal activity."  *Id*. (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)).

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Riley v. California*, 134 S. Ct. 2473, 2482 (2014) (some internal quotation marks omitted).  "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on part of government officials, giving them 'fair leeway for enforcing the law in the community's protection."  *Heien*, 135 S. Ct. At 536 (citing *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).  The Supreme Court has recognized that reasonable suspicion can rest on an officer's mistake of the law.  *See id*.  However, "[t]he Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes – whether of fact or of law – must be *objectively* reasonable."  *Id*. at 539 (emphasis in original).  The Court does not "examine the subjective understanding of the particular officer involved."  *Id*.

In this case,  Plaintiff was driving 64 mph in a posted 40 mph zone.  Doing so was a violation of Idaho Code section 49-654.  As a result, Defendant Tony Ford was justified in

**REPORT AND RECOMMENDATION - 13**

stopping Plaintiff's vehicle and, in doing so, there is no violation of Plaintiff's constitutional rights *vis à vis* the October 25, 2014 traffic stop. Even assuming Plaintiff's constitutional rights were somehow violated, there is no clearly established law that an officer is not permitted to stop a vehicle when confronted with the circumstances indisputably present here. Summary judgment is appropriate on this point.

> ii.    *False Arrest*

A claim for false arrest is similarly grounded in the Fourth Amendment guarantee against unreasonable seizure. *See Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To maintain a false arrest claim, a plaintiff must show that the arresting officer lacked probable cause to make the arrest. *See id*. at 965. "Probable cause exists when, under the totality of the circumstances known to the arresting officer (or within knowledge of the other officers at the scent), a prudent person would believe the suspect had committed a crime." *Id*. at 966 (citing *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). So, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Here, it is undisputed that Defendant Tony Ford observed Plaintiff (1) drive 64 mph in a posted 40 mph zone, (2) refuse to surrender his driver's license as required by Idaho Code section 49-316, (3) refuse to respond to questions regarding Plaintiff's alcohol consumption, and (4) refuse to exit the vehicle after being asked to do so. *See supra*. These facts support a finding of probable cause to arrest Plaintiff such that Plaintiff has failed to establish a constitutional violation with regard to his arrest. Still, even assuming Plaintiff's constitutional rights were

**REPORT AND RECOMMENDATION - 14**

somehow violated, there is no clearly established law that an officer is not permitted to arrest an individual when confronted with the circumstances indisputably present here. Summary judgment is also appropriate on this point.

        *c.*      *Idaho Tort Claims Act*

The Idaho Tort Claims Act (ITCA) establishes that governmental entities are subject to liability for their own negligent or wrongful acts, *and* those of their employees who were acting within the course and scope of their employment. *See Hoffer v. City of Boise*, 257 P.3d 1226, 1228 (Idaho 2011) (citing *Grant v. City of Twin Falls*, 813 P.2d 880, 887 (Idaho 1991)). The ITCA states:

> Except as otherwise provided in this act, every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties . . . where the governmental entity if a private person or entity, would be liable for money damages under the laws of the state of Idaho . . . .

I.C. § 6-903(1). However, the ITCA also expressly exempts certain causes of action from the general rule that the governmental entity is subject to liability. *See Hoffer*, 257 P.3d at 1228 (citing *Grant*, 813 P.2d at 887-88). In this respect, the ITCA reads:

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which . . . [a]rises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

I.C. § 6-904(3). Here, there is no evidence that Defendant Tony Ford was either (1) not acting within the course and scope of his employment, or (2) acting with malice or criminal intent. *See Hoffer*, 257 P.3d at 1229 ("The district court was correct in dismissing those claims. If he had

**REPORT AND RECOMMENDATION - 15**

included an employee as a defendant, his claims against that employee alleging malice or criminal intent would have survived under I.C. § 6-904(3) because an employee is only immune from suit for those intentional torts if there is no allegation of malice and/or criminal intent.") (citing *Miller v. Idaho State Patrol*, 252 P.3d 1274, 1287 (Idaho 2011)). Therefore, the ITCA applies to preclude any of the statutorily-excluded claims listed within Idaho Code section 6-904(3) (to the extent Plaintiff is making such claims) as against Defendant Tony Ford.

Moreover, the ITCA requires that within 180 days notice must be given to inform the government of the basis for a tort claim. *See* I.C. §§ 6-906, 6-908. Failure to provide such notice is grounds for dismissal of the claim. *See Mitchell v. Bingham Mem. Hosp.*, 942 P.2d 544, 548-49 (1997). The filing of a notice of claim as required by the ITCA is "'a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate.'" *Banks v. Univ. of Idaho*, 798 P.2d 452, 453 (1990) (quoting *McQuillen v. City of Ammon*, 747 P.2d 741, 744 (1987)).

No notice was filed in this case. Rather, on May 15, 2015, Plaintiff filed his Complaint and, according to Defendant Tony Ford, "[t]he Meridian City Clerk received a copy of Plaintiff's Complaint on November 13,2015, but has not received a notice of tort claim." Mem. in Supp. of Defs.' MSJ, p. 10 (Docket No. 46, Att. 2) (citing Holman Aff. at ¶¶ 2-3 (Docket No. 46, Att. 3). Plaintiff offers no retort to this apparent fact. Therefore, to the extent Plaintiff raises state tort claims against Defendant Tony Ford, summary judgment is appropriate on this point.

### III.  RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Defendants' Motion to Dismiss Plaintiff's State Law Claims Pursuant to Idaho Code § 6-610 (Docket No. 28) be DENIED;

    2.    Motion to Dismiss Pursuant to IRCP 12(b)(6) or in the Alternative Motion for More Definite Statement Pursuant to IRCP 12(e) (Docket No. 36) be DENIED as moot;

    3.    Plaintiff's Motion to Dismiss Defendant Thomas Watkins (Docket No. 39) be DENIED as moot;

    4.    Plaintiff's Motion to Dismiss Defendants Kevin Kinnaman and Mark Ford (Docket No. 40) be GRANTED;

    5.    Plaintiff's Motion to Dismiss Defendants Kevin Borger, Valerie Gragg, and Robert Luce (Docket No. 42) be GRANTED; and

    6.    Meridian City Defendants' Motion for Summary Judgment (Docket No. 46) be GRANTED.

The rulings recommended in this Report and Recommendation effectively will resolve the balance of the action in its entirety.

Pursuant to Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: **August 18, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 17**